IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD JEROME BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENYA M. MOORE, )<br>BUILDING ADMINISTRATOR KATHLEEN, )<br>DIRECTOR DEPT. OF HUMAN SERVICES, )<br>DIANE HUPP PRESIDENT UPMC CHILDREN, )<br>CRYSTAL CLERK OF COURT PFA DEPT., )<br>AND KIM D. EATON ADMIN. JUDGE, )<br>)<br>Defendants. ) | Civil Action No. 23-1335 |

**MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff Donald Jerome Brown's Motion to Proceed In Forma Pauperis filed on July 26, 2023, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1). After reviewing Plaintiff's IFP Motion, the Court finds that he is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

Plaintiff's Complaint is difficult, if not impossible, to decipher. (*See* Docket No. 1-1). Plaintiff alleges that the Court has federal question jurisdiction over this matter pursuant to the First, Third, Fourth, Fifth, Sixth and Seventh Amendments to the United States Constitution. (*Id.* at 4). He also alleges that diversity jurisdiction exists, despite the fact that all listed parties are citizens of Pennsylvania. (*See id.* at 1-4). The section of the Complaint entitled "Statement of

Claim" lists "common law trespass interference with rights." (*Id.* at 5). He also lists theft, threats, extortion, kidnapping by forgery, and conspiracy against the rights of citizens. (*Id.* at 7). The Complaint's only apparent factual allegations are that "[s]ome women named[d] Kathleen, Diane, Crystal, Kim and other unknown agents and individuals who work for the government caused harm, injury and loss to man; they uttered forged instruments which [interfered] with rights then block defense." (*Id.*). In support of Plaintiff's purported claim, he attached to the Complaint certain documents related to a protection from abuse petition and order in the Family Division of the Court of Common Pleas of Allegheny County, Pennsylvania. (*See* Docket No. 1-2). Finally, in the "Relief" section of the Complaint, Plaintiff requests compensation of "ten (10) dollars per minute for each and every minute of naked possession." (Docket No. 1-1 at 5, 7).

Although cognizant that Plaintiff is proceeding *pro se*, his Complaint does not come close to complying with the requirement that it must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, Plaintiff's Complaint is difficult to decipher given that he lists six defendants but fails to specify in any discernable manner what his claims are as against each of them, let alone that his alleged claims arise under federal law. Rather, as best the Court is able to interpret Plaintiff's Complaint, it appears he is complaining about a state court protection from abuse order over which this Court lacks jurisdiction.

In sum, the Court is unable to discern what type of claim Plaintiff purports to assert. As currently pled, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted, and therefore the Complaint will be dismissed without prejudice to Plaintiff filing an Amended Complaint to the extent that he is able to state a plausible claim for relief over which this Court may properly exercise jurisdiction. *See e.g., Duglas v. Kamper*, Civ. No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, the Court

"must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction." (citing 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")); *Spell v. Allegheny Cty. Admin.*, Civ. No. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (permitting amendment by *pro se* plaintiff where "the facts alleged [in the complaint] are simply too vague, and the theories of liability too poorly articulated" for the Court "to determine whether allowing [him] to amend . . . would be futile").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 15th day of August, 2023, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is GRANTED;

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED WITHOUT PREJUDICE to amendment by Plaintiff to the extent that he is able to state a plausible claim for relief; and,

(3) To the extent Plaintiff wishes to file an Amended Complaint, he must do so by August 30, 2023. If Plaintiff fails to file an Amended Complaint by August 30, 2023, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc: Donald Jerome Brown (via U.S. mail)
7344 Monticello Street
Pittsburgh, PA 15208