IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD JEROME BROWN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| KENYA M. MOORE, BUILDING ADMINISTRATOR KATHLEEN, DIRECTOR DEPT. OF HUMAN SERVICES, DIANE HUPP PRESIDENT UPMC CHILDREN, CRYSTAL CLERK OF COURT PFA DEPT., AND KIM D. EATON ADMIN. JUDGE, Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No. 23-1335 |

**MEMORANDUM ORDER**

*Pro se* Plaintiff Donald Jerome Brown previously filed a Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1, 1-1). After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on August 15, 2023, finding that he was without sufficient funds to pay the required filing fee and granting him leave to proceed in forma pauperis. (Docket No. 2 at 1).

As to Plaintiff's proposed Complaint, the Court found that the Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that he could state a plausible claim for relief. (Docket No. 2 at 3, 4). Further, to the extent Plaintiff wished to file an Amended Complaint, he was ordered to do so by August 30, 2023, or the case would be closed. (*Id.*). Plaintiff did not file an Amended Complaint by that established deadline, thus the Court entered a Memorandum Order on September 1, 2023 closing the case. (Docket No. 3).

1

Plaintiff subsequently filed a Motion to Appoint Counsel, (Docket No. 5), which consists solely of a blank piece of paper with that title on it.  Despite that Plaintiff has provided no basis whatsoever for the Court to appoint counsel to represent him, the Court will analyze his request in accordance with the applicable legal standard.

Pursuant to 28 U.S.C. § 1915(e)(1), a district court has broad discretion to determine whether the appointment of counsel is warranted for an indigent litigant in a civil case, and that determination must be made on a case-by-case basis.  *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993).  As a threshold matter, the district court should consider whether the plaintiff's claim has some merit in fact and law.  *Id.* at 155; *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). If the court concludes that the claim has some merit, it should then consider certain factors as a "guidepost" to determine whether counsel should be appointed for the plaintiff.[1]  *Parham*, 126 F.3d at 458.  "[C]ourts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  *Id.*

As a threshold matter here, the Court previously found that Plaintiff's Complaint failed to specify in any discernable manner what his claim was as against each of the various Defendants, let alone that his alleged claim arose under federal law.  (*See* Docket No. 2 at 3).  Rather, as best the Court could interpret Plaintiff's Complaint, he appeared to be complaining about a state court protection from abuse order over which this Court lacks jurisdiction.  (*Id.*).  In summary, the Court could not discern what type of claim Plaintiff purported to assert, and found that the Complaint, as pled, failed to state a claim on which relief may be granted.  (*Id.*).  Consequently, given that

---

[1] The non-exhaustive list of factors includes the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  *Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-56, 157, n.5).

2

Plaintiff's purported claim had no merit in fact and law, the Court finds that the appointment of counsel was not, and is not, warranted in this case.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 6th day of September, 2023, IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel, (Docket No. 5), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:   Donald Jerome Brown (via U.S. mail)
      7344 Monticello Street
      Pittsburgh, PA 15208